# UNITED STATES DISTRICT COURT
## FOR THE WESTERN  DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action File No.  5:23-cv-05149-TLB |
| v. | ) ) | |
| | ) | COMPLAINT |
| WALMART, INC., WALMART STORES ARKANSAS, LLC, | ) ) ) | JURY DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., as amended by the Americans with Disabilities Act Amendments Act of 2008 (ADA), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Glenda Scott, Jaclyn Walker, and a class of  former employees who were adversely affected by such practices.

As alleged with greater particularity below, Walmart, Inc. and Walmart Stores Arkansas, LLC (Defendants or Walmart) subjected Glenda Scott, Jaclyn Walker, and a class of former employees to an unlawful qualifications standard, a Pathways Graduation Assessment (PGA), that screened out or tended to screen out a class of individuals with disabilities and subjected them to an adverse employment action, termination, after they failed the PGA. The Commission alleges the PGA was not job-related and consistent with business necessity. Walmart also failed to provide reasonable accommodation for the PGA.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Arkansas.

## PARTIES

3.      Plaintiff Equal Employment Opportunity Commission (Commission) is the agency of the United States of America charged with the administration, interpretation, and enforcement of Titles I and V of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and § 2000e-6.

4.      Defendant Walmart Inc. and Walmart Stores Arkansas LLC, (Walmart), is headquartered in Bentonville, Arkansas, and is the largest retailer in the world. Walmart operates stores in North Little Rock and Fayetteville, Arkansas. At these store locations, Walmart required the PGA that was not job-related and consistent with business necessity.

5.      At all relevant times, Walmart has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5), (7).

6.      At all relevant times, Walmart has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.      At all relevant times, Walmart has continuously been doing business in the state of Arkansas and across the United States and has continuously had at least 15 employees.

## ADMINISTRATIVE PROCEDURES

8.      More than thirty days prior to the institution of this lawsuit, Glenda Scott and Jaclyn Walker filed charges with the Commission alleging violations of the ADA by Walmart.

9.      On July 8, 2022, the Commission issued to Walmart Letters of Determination finding reasonable cause to believe Walmart violated the ADA with respect to Glenda Scott, Jaclyn Walker, and a class of aggrieved individuals and invited Walmart to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10.      The Commission engaged in communications with Walmart to provide Walmart the opportunity to remedy the discriminatory practices described in the Letters of Determination.

11.      The Commission was unable to secure from Walmart a conciliation agreement acceptable to the Commission.

12.      On August 12, 2022, the Commission issued to Walmart Notices of Failure of Conciliation advising Walmart that the Commission was unable to secure from Walmart a conciliation agreement acceptable to the Commission.

13.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## GENERAL ALLEGATIONS

14.      Walmart is the largest retailer in the world. Walmart employs over 1.5 million associates nationwide. Walmart has opened thousands of stores in the United States.

15.     On or about 2015, Walmart began requiring its employees to take the PGA, a qualification standard.

16.     The elements of the PGA allegedly measure the employees' knowledge on the covered topics of customer service, inventory essentials, retail fundamentals, and merchandising.

17.     Before May 1, 2018, Walmart employees had 180 days from date of hire to complete the PGA which included 40 questions. After May 1, 2018, Walmart employees had 90 days to complete the PGA which included 25 questions. Walmart gave employees three opportunities to pass the PGA.

18.     The PGA was a self-administered, computer-based knowledge assessment and was required for all entry-level store associates in 31 positions nation-wide.

19.     Walmart terminated employees who did not pass the PGA after three attempts.

20.     Wal-Mart terminated employees who did not pass all portions of the PGA even if the employee could perform the essential functions of the job and who were performing the essential functions of the job before taking the PGA.

21.     The PGA unlawfully screened out or tended to screen out an individual with a disability and/or a class of individuals with disabilities.

22.     Walmart unlawfully used the PGA as a qualification standard that screened out individuals with disabilities.

23.     Walmart did not validate its PGA.

24.     Walmart's PGA is not job-related and consistent with a business necessity as required by the ADA.

25.     Walmart unlawfully denied reasonable accommodation needed by individuals with disabilities to pass the PGA test.

26.     Walmart unlawfully discharged individuals with disabilities who could not pass the PGA test.

## STATEMENT OF CLAIMS

27.     Since at least December 2015, Walmart engaged in unlawful employment practices at Walmart in North Little Rock, Arkansas, Walmart in Fayetteville, Arkansas and at other Walmart stores throughout the United States in violation of Title I of the ADA, 42 U.S.C. §§ 12112.

28.     The unlawful employment practices include using unlawful testing/qualification standard, the PGA, that screened out or tended to screen out individuals with disabilities, who took Walmart's PGA and who failed certain sections of Walmart's PGA because of their disabilities, and then terminating those employees who failed the PGA. The unlawful employment practices also include failing to accommodate individuals with disabilities and failing to select and administer tests concerning employment in the most effective manner.

## CHARGING PARTY GLENDA SCOTT

29.     Walmart hired Scott as an apparel associate in North Little Rock, Arkansas in March 2018.

a.     Scott's disability is that she is deaf, and she is substantially limited in the major life activity of hearing.

b.     Scott's first language is American Sign Language, and English is her second language.

c.     Scott reads English on a fourth grade reading level.

d.     Scotts satisfactorily performed the essential functions of her apparel associate position when she worked for Walmart.

e.     Around 2018, Walmart informed Scott she would need to complete the PGA modules and testing to continue her employment.

f.     Scott was a qualified individual with a disability under 42 U.S.C. § 12102(2) and 42 U.S.C. § 12111(8).

g.     On or about May 5, 2018, Scott first attempted the PGA test and failed.

h.     On or about May 13, 2018, Scott attempted the PGA test for the second time and failed.

i.     On or about May 13, 2018, Scott attempted the PGA test for the third time and failed.

j.     Scott continued to work for Walmart, despite failing the PGA, until August 25, 2018.

k.     Walmart did not discharge Scott because of any performance issues related to her apparel associate position.

l.     Walmart used unlawful testing, the PGA, to screen out Scott because of her disability and subjected Scott to an adverse employment action, termination.

m.     Scott requested interpreter services.

n.     Walmart failed to offer Scott a reasonable accommodation as provided in its Accommodation and Pathways policy.

**<u>CHARGING PARTY JACLYN WALKER</u>**

30.     Walmart hired Walker as an overnight stocker at a Walmart grocery store in Fayetteville, Arkansas on November 15, 2017.

a.     Walker was diagnosed as a child with Intellectual Disabilities and Speech/Language Disabilities.

6

b.      Walker's disabilities substantially limit, at a minimum, brain function, and the major life activities of communicating, speaking, reading, learning, and thinking.

c.      Walker satisfactorily performed the essential functions of her stocking job while employed by Walmart.

d.      Walker is a qualified individual with a disability under 42 U.S.C. § 12102(2) and 42 U.S.C. § 12111(8).

e.      Before June 24, 2018, Walker failed the PGA three times.

f.      Walker continued to work for Walmart until she was terminated on August 26, 2018, for failing the PGA.

g.      Walker failed the PGA due to her disabilities.

h.      Walmart discharged Walker due to her disabilities and her inability to pass the PGA and not because of any performance issues with the stocker position.

i.      Walmart used unlawful testing, the PGA, to screen out Walker because of her disabilities and subjected Walker to an adverse employment action, termination.

j.      Walmart failed to offer Walker a reasonable accommodation as provided in its Accommodation and Pathways policy.

## ADDITIONAL CLAIMANTS

31.      Walmart subjected a class of other unidentified individuals with disabilities, Claimants, to termination after they failed the PGA.

a.      Walmart required that the Claimants take the PGA.

b.      The Claimants were qualified individuals with a disability under 42 U.S.C. §§ 12102(2) and 42 U.S.C. § 12111(8).

c.      The Claimants could not pass the PGA because of their disabilities.

7

d.      Although the Claimants performed the essential functions of their jobs, the Claimants were unable to pass certain sections of the PGA, and Walmart terminated their employment.

e.      Walmart used unlawful testing, the PGA, to screen out the Claimants because of their disabilities, and subjected them to an adverse employment action, termination.

f.      Walmart never offered an accommodation to the Claimants as provided in its Accommodation and Pathways policy.

**FIRST CLAIM FOR RELIEF**

**USING DISCRIMINATORY UNLAWFUL TESTING/ QUALIFICATION STANDARD**

32.     The Commission restates and incorporates by reference all the foregoing paragraphs.

a.      From at least December 2015 through March 31, 2020, Walmart used an unlawful testing/qualification standard, the PGA, that screened out or tended to screen out individuals with disabilities.

b.      Walmart required that all entry level store associates in 31 positions nationwide take the PGA.

c.      Walmart required all entry level store associates, including employees with disabilities, to pass all portions of the PGA.

d.      Walmart required all employees who were satisfactorily performing all the essential job functions of the position to take and pass the PGA.

e.      Walmart applied and used the PGA as a qualification standard that screened out or tended to screen out individuals with disabilities and the PGA is not job-related and or

consistent with business necessity in violation of Section 102(a) and 102(b)(6) and 42 U.S.C. § 12112(a) and (b)(6).

f.      The policies and practices complained of in the preceding paragraphs deprived Charging Parties Glenda Scott, Jaclyn Walker, and unidentified class members of equal employment opportunities and otherwise adversely affected their status as employees because of their disabilities.

g.      The unlawful employment practices complained of in the foregoing paragraphs above were intentional.

h.      The unlawful employment practices complained of in the foregoing paragraphs above were done with malice or with reckless indifference to the federally protected rights of Charging Parties Glenda Scott, Jaclyn Walker, and unidentified class members.

## SECOND CLAIM FOR RELIEF

## FAILURE TO PROVIDE ACCOMMODATION

33.     The Commission restates and incorporates by reference all the foregoing paragraphs.

a.      Since at least December 2015, Walmart has violated the ADA by failing to accommodate individuals with disabilities during the PGA.

b.      Walmart required that all entry level store associates in 31 positions nationwide take the PGA.

c.      Walmart required all entry level store associates, including employees with disabilities, to pass all portions of the PGA.

d.      Walmart required all employees who are satisfactorily performing all the essential job functions of the position to take and pass the PGA.

e.      Walmart applied and used the PGA as a qualification standard that screened out or tended to screen out individuals with disabilities and failed to make reasonable accommodation in violation of Section 102(a) and 102(b)(6) and 42 U.S.C. § 12112(a) and (b)(3), (b)(5)(A), (b)(6), and (b)(7).

f.      The policies and practices complained of in the preceding paragraphs deprived Charging Parties Glenda Scott, Jaclyn Walker, and unidentified class members of equal employment opportunities and otherwise adversely affected their status as employees because of their disabilities.

g.      The unlawful employment practices complained of in the foregoing paragraphs above were intentional.

h.      The unlawful employment practices complained of in the foregoing paragraphs above were done with malice or with reckless indifference to the federally protected rights of Charging Parties Glenda Scott, Jaclyn Walker, and unidentified class members.

### THIRD CLAIM FOR RELIEF
### DISCHARGE

34.      The Commission restates and incorporates by reference all the foregoing paragraphs.

a.      Since at least December 2015, Walmart has violated the ADA by terminating employees who failed to pass the PGA with a 70% or better pass rate because of their disabilities, 42 U.S.C. §§ 12112(a) and (b)(6).

b.      Charging Parties Glenda Scott, Jaclyn Walker, and unidentified class members are qualified individuals with disabilities.

c.      Walmart discharged Charging Parties Glenda Scott, Jaclyn Walker, and unidentified class members because their disabilities prevented them from passing the PGA.

d.      Walmart discharged Scott after she failed the PGA three times because of her disability, deafness, which impacted her ability to pass the PGA.

e.      Although Scott performed the essential functions of the apparel associate position, Walmart discharged Scott.

f.      Walmart discharged Walker after she failed to pass certain portions of the PGA because of her Intellectual Disability and Speech/Language Disability.

g.      Walmart discharged Walker even though she was performing the essential functions of her stocker position.

h.      Walmart discharged Charging Parties Glenda Scott, Jaclyn Walker, and unidentified class members who failed the PGA but successfully performed the essential functions of their positions.

i.      When Walmart discharged Charging Parties Glenda Scott, Jaclyn Walker, and unidentified class members, and other similarly situated aggrieved individuals, Walmart failed to conduct an individualized assessment to determine whether the individuals required an accommodation during the test-taking process.

j.      The unlawful employment practices complained of in the foregoing paragraphs above were intentional.

k.      The unlawful employment practices complained of in the foregoing paragraphs above were done with malice or with reckless indifference to the federally protected rights of Charging Parties Glenda Scott, Jaclyn Walker, and unidentified class members.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Walmart, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates based on disability or the need for a reasonable accommodation.

B.     Order Walmart to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals with disabilities or who are regarded as having disabilities and which eradicate the effects of its past and present unlawful employment practices.

C.     Grant a permanent injunction enjoining Walmart, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against individuals with disabilities.

D.     Grant a permanent injunction enjoining Walmart, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from interfering with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of any right protected by the ADA.

E.     Grant a judgment requiring Walmart to pay appropriate back wages in an amount to be determined at trial and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above.

F.     Order Walmart to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement, provide front pay in lieu of

reinstatement, or otherwise make whole disabled individuals affected by Walmart's unlawful practices.

     G.     Order Walmart to make whole Glenda Scott, Jaclyn Walker, and all similarly-aggrieved individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

     H.     Order Walmart to pay Glenda Scott, Jaclyn Walker, and all similarly-aggrieved individuals punitive damages for its malicious and reckless conduct described above in amounts to be determined at trial.

     I.     Grant such further relief as the Court deems necessary and proper in the public interest.

     J.     Award the Commission its costs of this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

 

**GWENDOLYN YOUNG REAMS**
Acting General Counsel

**CHRISTOPHER LAGE**
Deputy General Counsel

*/s/Faye A. Williams*
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
200 Jefferson Ave., Suite 1400
Memphis, TN 38103
Telephone (901) 685-4609

13

faye.williams@eeoc.gov

*/s/ Gary Sullivan*
Assistant Regional Attorney
GARY SULLIVAN
AR Bar No. 92051

*/s/ Pamela B. Dixon*
PAMELA DIXON
Trial Attorney
AR Bar No. 95085

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
820 Louisiana St., Suite 200
Little Rock, AR 72201
Telephone (501) 900-6145
pamela.dixon@eeoc.gov