UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) <br> ) <br> ) Civil Action File No.: 5:23-cv-05149-TLB |
| PLAINTIFF, | ) <br> ) |
| v. | ) <br> ) |
| WALMART, INC., WALMART STORES ARKANSAS, LLC, | ) JURY DEMAND <br> ) <br> ) |
| DEFENDANTS. | ) |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS RESPONSE TO DEFENDANTS' FIRST MOTION TO COMPEL**

The Court should deny Walmart's Motion to Compel the Commission to produce documents and information responsive to Walmart's Requests for Production Nos. 50-52 and Interrogatories Nos. 7-8. Through these requests, Walmart seeks the identification of persons contacted by the Commission and the production of communications between the Commission and claimants, potential claimants, and third parties. The attorney-client privilege, common interest doctrine, and the work product doctrine protect these documents from disclosure.

The parties dispute the Commission's obligation to produce certain requested documents and to respond to specific Interrogatories. Although the documents sought and the information requested are relevant, the Commission believes, in good faith, the documents and information are privileged, it prepared them in anticipation of trial, and they are not subject to discovery under Fed. R. Civ. Pro. 26(b)(1), 26(b)(3).

1

**A. The Attorney-Client Privilege or the Common Interest Doctrine Protects EEOC's Communications with Identified Claimants and Reasonably Necessary Third Parties.**

As this Court recognized in its May 21, 2024 Order, a *defacto* attorney-client privilege and the common interest doctrine protect communications between the EEOC and aggrieved individuals. ECF No. 58 at 8. The common interest doctrine is an exception to the waiver of attorney-client privilege where an individual provides otherwise privileged information to a third-party with whom it shares a common interest. *See e.g. EEOC v. Crain Automotive Holdings LLC*, No. 5:23-cv-05164-TLB, 2024 WL 4601696, at *2 (W.D. Ark. Oct. 29, 2024)(citing *In re Bieter Company*, 16 F.3d 929, 935 (8th Cir. 1994)). As previously briefed, *see* ECF No. 56, this common interest doctrine protects communications between the Commission and aggrieved individuals. *See, e.g., EEOC v. Pioneer Hotel, Inc.,* No. 2:11–cv–01588–LRH–GWF, 2014 WL 4987418, at *6 (D. Nev. Oct. 6, 2014); *EEOC v. Collegeville/Imagineering Ent.,* No. CV-05-3033 PHX-DGC, 2007 WL 158735, at *2 (D. Ariz. Jan. 17, 2007); *see also EEOC v. DiMare Ruskin, Inc.,* No. 2:11–cv –158–FTM –99SPC, 2012 WL 12067868, at *6 (M.D. Fla. Feb. 15, 2012); *EEOC v. Scrub, Inc.*, No. 09 C 4228, 2010 WL 2136807, at *7 (N.D. Ill. May 25, 2010); *EEOC v. Chemtech Int'l Corp.*, CIV. H-94-2848, 1995 WL 608333, at *2 (S.D. Tex. May 17, 1995).

Indeed, this Court has already found that this privilege applies to communications between the Commission and aggrieved individuals "where an aggrieved party either asks the EEOC for advice or expressly assents to representation." ECF No. 58 at 8. Now Walmart seeks to evade that privilege protection by asking the Court to order the EEOC to produce communications with potential claimants, including those from claimants before their assent to be claimants. This distinction is not relevant to the privilege analysis, because for all the communications sought, all were potential claimants seeking legal advice to whom the attorney-privilege applies.

This Court also extended the protection of the *de facto* attorney-client privilege to communications between claimants and the Commission in the presence of reasonably necessary third-parties such as parents, siblings, and spouses who are needed to facilitate communication for those with disabilities. This extension is inapplicable in the absence of assent to the representation by the third-party. This limitation was applied to communications with Charging Party-Walker's parents after Charging Party-Walker expressed in her deposition she did not need her parent's representation when communicating with the Commission. Any claimant must manifest assent to representation by the Commission and reasonably require representative assistance for facilitation of legal advice before the attorney-client privilege will shield the aggrieved party's communications with the EEOC. Defendants' discussion of this extension is imprecise. ECF 74 at 5. In its briefing, Walmart seeks to draw a distinction between the communications with those who became claimants and those who are not participating in the suit. *See* ECF No. 74.

**B. The Attorney-Client Privilege and Common Interest Doctrine Protect EEOC's Survey and Communications with Potential Claimants.**

The Commission's survey questionnaire and communications with potential claimants fall squarely within the attorney-client privilege. It is well established that the attorney-client privilege applies to communications where individuals seek legal advice from attorneys whether or not the attorney is ultimately retained. *Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 267 F.R.D. 257, 273 (D. Minn. 2007)(finding attorney-client privilege attaches to communications with prospective clients); *In re Auclair*, 961 F.2d 65, 69 (5th Cir. 1992)(stating "[a] now venerable rule emanating from the privilege is that 'communications made in the course of preliminary discussions with a view to employing the lawyer are privileged though employment is not . . . accepted.'" (citations omitted)). Without such protection, people could never safely consult a lawyer for the first time to get legal advice. *Sandoval*, 267 F.R.D. at 273; *see also Barton v. U.S.*

3

*Dist. Ct. Cent. Dist. of Cal.*, 410 F.3d 1104, 1111 (9th Cir. 2005)("There is nothing anomalous about applying [attorney-client] privilege to such preliminary consultations"). It is undisputed that the Commission's survey and subsequent responses were communications to determine whether the Commission would seek relief for the person in this lawsuit. The EEOC sent the questionnaire only to potential claimants—those who Walmart had identified as employees as terminated for reasons related to the PGA. The questionnaire and accompanying communications reflect that in responding to the questionnaire the individual sought confidential legal advice about participating in EEOC's lawsuit. *See* documents produced *in camera*.

In similar circumstances, courts have applied attorney-client privilege to protect the disclosure of the Commission's questionnaires and communications for claimants and potential claimants. *United States EEOC v. Bill Heard Chevrolet Corp.*, No. 2:07-cv-01195-RLH-PAL, 2009 WL 2489282, at *4 (D. Nev. Aug. 12, 2009)(holding that attorney-client privilege protected both EEOC questionnaires and potential claimant communications); *EEOC v. Scrub Inc.*, No 09 C 4228, 2010 WL 2136807, *8-9 (N.D. Ill. May 2010)(holding attorney client privilege applied to prospective claimants where the communication indicated confidentiality and a purpose of seeking legal representation, stating "The attorney-client privilege covers communications where 'legal advice of any kind is sought' and is not dependent upon the initiation or contemplation of litigation.").

### C. The Work-Product Doctrine Protects the Commission's Survey and Any Responses.

The work-product doctrine protects the Commission's communications with claimants, potential claimants, and third parties. Under Federal Rule of Civil Procedure 26, ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. 26(b)(3)(B). The work

4

product doctrine prevents "unwarranted inquiries into the files and mental impressions of an attorney" and "recognizes that it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusions by opposing parties and their counsel." *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 402 (8th Cir. 1987).

Here, Commission's counsel developed the survey for litigation and thus reveals the Commission's attorneys' mental impressions, conclusions, opinions or legal theories. Consequently, the survey falls within opinion work product, one of two categories of work product recognized by the Eighth Circuit. The other category is ordinary or fact work product. *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 924 (8th Cir. 1997); *In re Murphy*, 560 F.2d 326, 334, 336 (8th Cir. 1977). Relevant and non-privileged ordinary or fact work product, raw facts, is discoverable upon a showing of a substantial need and an inability to secure the substantial equivalent by other means without undue hardship. Fed. R. Civ. Pro. 26(b)(3)(A)(ii). Opinion work product, documents prepared in anticipation of litigation or trial disclosing an attorney's thought processes by the nature and prepared formulation of questions for interviews, questionnaires, surveys, or summaries, is only accessible in "rare situations where weighty considerations of public policy and a proper administration of justice would militate against the non-discovery of an attorney's mental impressions." *In re Murphy*, at 336; see also *Arkansas Oklahoma Gas Corp. v. BP Energy Co*., No. 2:21-cv-02073, 2022 WL 1690266, at *2 (W.D. Ark. May 26, 2022) (opinion work product is discoverable if the material demonstrates an attorney engaged in illegal conduct or fraud); *Hoffman v. United Telcomm., Inc.,* 117 F.R.D. 440 (D. Kan. 1987)(sustaining a work product objection to any discovery to the extent it would require disclosure of any questionnaire); *E.B. v. New York City Bd. of Educ.*, No. CV 2002-5118 CPS MDG, 2007 WL 2874862, at *5 (E.D.N.Y. Sept. 27, 2007)(holding a questionnaire prepared by

attorney and completed response by client entitled to work product protection). See also *EEOC v. Bill Heard Chevrolet Corp.*, No. 207-CV-01195- RLH-PAL, 2009 WL 2489282, *4 (D. Nev. Aug. 12, 2009)(questionnaires to potential claimants were privileged under both the attorney-client privilege and/or the work product doctrine); *EEOC v. Carrols Corp.*, 215 F.R.D. 46, 52 (N.D.N.Y. 2003) (questionnaires protected by work product doctrine); *see also Russell v. General Electric Co.*, 149 F.R.D. 578, 581-82 (N.D. Ill. 1993) (recognizing that witness responses to attorneys' questions reveal attorneys' mental impressions).

The responses to the survey are also entitled to work product protection as they are equivalent to written attorney interview. In the seminal work product case of *Hickman v. Taylor*, 329 U.S. 495, 509-11 (1946), the Supreme Court held that party could not obtain notes and memorandum of interviews with witnesses made by the adverse party attorney. In *EEOC v. Carrols Corp.*, the Court applied *Hickman* to reject the Defendant's claim that because claimants completed the questionnaire, the work product doctrine did not apply. 215 F.R.D. at 52; *See also Hoffman v. United Telcomm., Inc.,* 117 F.R.D. 440 (D. Kan. 1987)(sustaining a work product objection to any discovery to the extent it would require disclosure of any questionnaire); *E.B. v. New York City Bd. of Educ.*, No. CV 2002-5118 CPS MDG, 2007 WL 2874862, at *5 (E.D.N.Y. Sept. 27, 2007)(holding that questionnaire prepared by attorney and completed response by client entitled to work product protection).

Similarly, interviews and communications with third parties – family members, teachers, counselors and others, Interrogatory 8, required the asking of critical questions to support the Commission's obligation to establish not only each charging party's and each claimant's status within the class defined in the Second Amended Complaint but also the right to recover back pay, compensatory and punitive damages in this litigation. These documents are opinion work

product revealing the thought processes, mental impressions, theories, and strategies of the Commission's attorneys.

### D. Walmart Cannot Show a Substantial Need for the Commission to Produce Any of the Documents and Information Protected by the Work Product Doctrine.

If this Court finds one or more of the documents submitted for *in camera* inspection are ordinary or fact work product, Walmart's request for this Court to order production must still be denied. Walmart cannot show a substantial need to access this information. To remove the protection of the work product doctrine for ordinary, fact work product, the requesting party must show that it has "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Walmart argues that it can use the Commission's questionnaire and related responses to establish its defense as they may show that many of the terminations for failing the PGA were not related to a disability or the failure to accommodate. ECF No. 74 at 1. This argument shows a fundamental misunderstanding of the nature of this action under the ADA. That many non-disabled, or even if otherwise disabled, employees passed the PGA and were not terminated by Walmart is irrelevant. The ADA requires an individualized assessment for accommodations and an employer is liable for screening out even one person based on a disability even if others are not screened out with the same test. 42 U.S.C. § 12112 (b)(6); 29 C.F.R. § 1630.2(o)(3).

Moreover, Walmart has the information it needs to conduct its own investigation of its defenses. Walmart provided the Commission with the names, a few email addresses, and last known phone number of 5000 former and current employees who had been terminated for failing the PGA coded as "unable to perform the essential functions of the job" or "failed the PGA." The Commission then did substantial work to cull and update the contact information for this list. See Declaration of EEOC Attorney Markeisha Savage (Exhibit 1), ¶7. This Court should not permit

7

Walmart to invade the work product protection to benefit from the Commission's work. *See Sandra T.E.,* 600 F.3d at 621–22 (stating that one purpose of the work product protection doctrine is to "limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more diligent counterparts").

The Commission provided and will continue to supplement, if necessary, its Rule 26(a)(1) disclosures. With this information readily available to Walmart to conduct its own investigation, it cannot establish a substantial need. *See EEOC v. Scottsdale Healthcare Hosps.,* No. CV-20-01894-PHX-MTL, 2023 WL 5206131, at *4 (D. Ariz. Aug. 14, 2023)(holding Defendant failed to show substantial need where it has access to the same information that EEOC used to identify its class). Walmart bears the burden of establishing its inability to obtain the desire information which includes proving its good faith effort to obtain it.

E. **The Identities of Those the Commission Selected to Receive a Survey or to Interview or to Consult is Protected by Opinion Work Product.**

Walmart is not entitled to the identities of those who received the survey or communicated with the Commission. The Commission's decisions among potential claimants for inclusion in this lawsuit or third parties contacted for information about the lawsuit are protected by the opinion work product doctrine. Through its Interrogatories, Walmart demands the disclosure of the identity of individuals that the Commission contacted in its search to identify claimants (Interrogatory No. 7) and individuals who provided the Commission with information related to the action (Interrogatory No. 8) as well as the manner and substance of those communications. The Commission cannot provide this information without also exposing its attorneys' thought processes, mental impressions, and strategy. This is precisely the information protected from disclosure as opinion the work product. The disclosure allows Walmart to impermissibly "piggyback on the factfinding investigation" of the Commission's attorneys. *See*

*Isham v. Booneville Cmty. Hosp.,* No. 2:14-CV-02018, 2015 WL 11117159, at *5 (W.D. Ark. Apr. 23, 2015)(citing *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612 (7th Cir. 2010)).

To the extent these Interrogatories force the EEOC to recount the information it gathered from witnesses, this information is also protected by work product. *See In re Grand Jury Proceedings,* 473 F.2d 840, 848 (8th Cir.1973) (attorney's personal recollections, notes and memoranda from interviews are absolutely protected work product); *see also Upjohn Co. v. United States,* 449 U.S. 383, 399–400 (1981) ("[f]orcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes"). Courts considering similarly requests have declined to compel discovery based on the work product doctrine. The court in *Tracy v. NVR, Inc.,* 250 F.R.D. 130, 132–33 (W.D.N.Y. 2008), considered similar Interrogatories requesting information about who counsel had interviewed. The Court found that such Interrogatories are distinct from those requesting the identification of those with knowledge. The former information is protected from disclosure by the work product doctrine. *Id.* at 132-33 (collecting cases that support this protection). *See also EEOC v. Scottsdale Healthcare Hosps.,* No. CV-20-01894-PHX-MTL, 2023 WL 5206131, at *3 (D. Ariz. Aug. 14, 2023); *EEOC v. Swissport Fueling Inc.*, No. CV-10-2101-PHX-GMS, 2012 WL 1648416, at *13 (D. Ariz. May 10, 2012) ("Plaintiff is entitled to work product immunity to the extent Defendant requests Plaintiff's attorneys to identify those who were sent the information). The Court must deny Walmart's demand for identities in Interrogatories 7 and 8. Here, the Commission provides a rationale for the adverse impact of disclosing identities and presents *in camera* information required by *In re Pemstar, Inc. Sec. Litig.*, No. 02-1821 (DWF/SRN), 2004 U.S. Dist. LEXIS 35566, at *23 (D. Minn. Apr. 23, 2004).

### F. EEOC Has not Waived the Work Product Protection.

Contrary to Walmart's assertions, the Commission has not waived the work product protection. Work product protection is only "waived where the disclosure substantially increases the opportunity for potential adversaries to obtain the information." *Riley v. U.S. Bank*, No. 4:08CV00206 ERW, 2009 WL 2170016, at *2 (E.D. Mo. July 20, 2009). There was no such likelihood here because, unlike the survey in *EEOC v. ABM Industries, Inc.*, 261 F.R.D. 503, 512 (E.D. Cal 2009) which was disseminated broadly even to those who may not have been claimants, here the Commission's survey was tailored by attorneys and sent to a select subgroup of people who were potential claimants based on the information provided by Walmart that they had been terminated for reasons relevant to this suit.

It is also irrelevant that some respondents ultimately did not participate in the suit or later withdrew from the lawsuit as that may occur for a variety of reasons, none of which constitute waiver of this important protection. *See* Ark. R. of Prof. Conduct 1.9(c)(2) (A lawyer who has formerly represented a client in a matter "shall not thereafter…reveal information relating to the representation…" ); Ark. R. of Prof. Conduct 1.18(b) ( "Even when no client-lawyer relationship ensues, a lawyer who has learned information from a prospective client shall not use or reveal information learned in the consultation…"). The Attorney-Client Privilege survives not only the recipient's failure to respond but also the death of the client. See *Swidler & Berlin v. United States*, 524 U.S. 399, 406, 118 S. Ct. 2081, 2086, 141 L. Ed. 2d 379 (1998); 8 Wigmore, Evidence § 2323 (McNaughton rev. 1961).

## CONCLUSION

For the foregoing reasons, the Court should deny Walmart's Motion and request for Attorneys' fees and expenses.

Respectfully submitted this 16th day of June, 2025,

Faye A. Williams
Regional Attorney
TN Bar No. 011730
faye.williams@eeoc.gov

Markeisha K. Savage
Acting Supervisory Trial Attorney
AR Bar No. 2011288
markeisha.savage@eeoc.gov

*/s/Sarah Howard Jenkins*
Sarah Howard Jenkins
Trial Attorney
AR Bar No. 97046
sarah.jenkins@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
200 Jefferson Ave., Suite 1400
Memphis, TN 38103
Telephone: (901) 685-4593
walmart.medo@eeoc.gov

Gary Sullivan
Assistant Regional Attorney
AR Bar No. 92051
gary.sullivan@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
800 Louisiana St., Suite 200
Little Rock, AR 72201
Telephone: (501) 900-6140