**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** **PLAINTIFF**

**V.** **CASE NO. 5:23-CV-5149**

**WALMART, INC. and**
**WALMART STORES ARKANSAS, LLC** **DEFENDANTS**

# OMNIBUS ORDER ON MOTIONS IN LIMINE

This matter is set for a jury trial beginning on September 14, 2026. Before the Court are Plaintiff Equal Employment Opportunity Commission's ("EEOC") three Motions in Limine (Docs. 135, 137, and 139); Defendants Walmart, Inc. and Walmart Stores Arkansas LLC's (collectively, "Walmart") thirteen Motions in Limine (Docs. 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, and 133)[1]; and two Joint Motions to Exclude Deposition Testimony (Docs. 158 and 169). EEOC brings this litigation on behalf of represented parties Glenda Scott, Jaclyn Walker, and additional non-Charging Party Claimants. The Motions have been responded to and are ripe for decision.

The chart below summarizes the parties' positions on each motion, summarizes the Court's ruling, and provides a brief explanation for the ruling. Citations to "Rules" refer to the Federal Rules of Evidence.

[1] Docs. 132 and 133 are filed as "corrected" versions of Walmart's Second Motion in Limine (Doc. 120) and Eighth Motion in Limine (Doc. 126), respectively. The Court finds that the original motions are **DENIED** as **MOOT** and will rule on the corrected motions.

<table>
<tr><th colspan="3">Walmart's First Motion in Limine</th></tr>
<tr><td>Doc. 119</td><td>Motion to Exclude Evidence of Monetary Damages of Non-Charging Party Claimants</td><td>GRANTED IN PART and DENIED IN PART</td></tr>
<tr><td colspan="3">Walmart asks the Court to exclude any evidence pertaining to the monetary damages sustained by the non-Charging Party Claimants under Rules 401, 402, and 403 because the monetary relief claims are time barred.<br><br>EEOC responds that this motion is premature as it is tied directly to an unresolved dispositive issue pending in Walmart's Motion for Partial Summary Judgment (Doc. 95).</td></tr>
<tr><td colspan="3">RULING: For the reasons stated in the Order on Walmart's Motion for Partial Summary Judgment (Doc. 188), this motion is GRANTED with respect to Claimants Johnny Gray and Brynne McFall and DENIED with respect to the remaining non-Charging Party Claimants.</td></tr>
</table>

| Walmart's Second Motion in Limine | | |
|---|---|---|
| Doc. 120<br>Doc. 132 | Motion to Exclude Evidence Regarding Punitive Damages | **GRANTED IN PART** and **DENIED IN PART** |
| Walmart asks the Court to exclude any evidence or argument relating to the issue of punitive damages because such evidence is irrelevant to the issue on compensatory damages and would improperly prejudice the jury in violation of Rules 401, 402, and 403.<br><br>EEOC responds that it should be allowed to present such evidence if it establishes an entitlement to punitive damages in trial. | | |
| **RULING:** The motion is **GRANTED** to the extent that EEOC may not present evidence relating to the claim for punitive damages unless and until it obtains a ruling outside the presence of the jury that it has adduced sufficient evidence to support putting a punitive damages instruction before the jury.<br><br>The motion is **DENIED** to the extent that EEOC may present evidence regarding the claim for punitive damages if and when it receives a ruling that the question of punitive damages will properly be before the jury. | | |

| Walmart's Third Motion in Limine | | |
|---|---|---|
| Doc. 121 | Motion to Exclude Evidence Regarding Injunctive Relief Claims | **GRANTED** |
| Walmart asks the Court to exclude any evidence of EEOC's claim for injunctive relief because the Court, not the jury, would decide if injunctive relief is appropriate and such evidence would be substantially more prejudicial than probative under Rule 403.<br><br>EEOC does not oppose this motion. | | |
| **RULING:** For the reasons stated in the Order on Walmart's Motion for Partial Summary Judgment (Doc. 188), this motion is **GRANTED**. | | |

| Walmart's Fourth Motion in Limine | | |
|---|---|---|
| Doc. 122 | Motion to Exclude Evidence Regarding Disparate Impact or "Screening" | **GRANTED** |
| Walmart asks this Court to exclude evidence purporting to show that the PGA screened out or tended to screen out individuals with disabilities because EEOC has failed to meet its evidentiary burden for its First Claim for Relief and such evidence is therefore irrelevant and would be substantially more prejudicial than probative under Rules 401, 402, and 403.<br><br>EEOC responds that it has not alleged a disparate impact claim, is not required to support its unlawful screening claim with statistical evidence, and has presented evidence sufficient to support its First Claim for Relief. | | |
| **RULING:** For the reasons stated in the Order on Walmart's Motion for Partial Summary Judgment (Doc. 188), this motion is **GRANTED**. | | |

| Walmart's Fifth Motion in Limine | | |
|---|---|---|
| Doc. 123 | Motion to *Exclude Hearsay* | **DEFERRED UNTIL TRIAL** |
| Walmart asks the Court to exclude any evidence of alleged statements made by unidentified persons supposedly associated with Walmart because such evidence is hearsay and Plaintiffs have not provided sufficient evidence to establish the statement was made by a Walmart's employee on a matter within the scope of their employment under Rule 801(d)(2)(D).<br><br>EEOC responds that the evidence should be admitted because witness identification of an unnamed employee is sufficient and that Walmart only allowed Walmart employees to assist with Accommodations and Pathways under its policies. | | |
| **RULING:** The motion is **DEFERRED** unless and until this issue surfaces at trial. | | |

<table>
<tr><th colspan="3">Walmart's Sixth Motion in Limine</th></tr>
<tr><td>Doc. 124</td><td>Motion to Exclude Evidence of Corporate Wealth & Financial Condition</td><td>GRANTED IN PART and DENIED IN PART</td></tr>
<tr><td colspan="3">Walmart asks the Court to exclude any evidence about Walmart's wealth, profitability, or the compensation of Walmart associates because such evidence is irrelevant, has no bearing on any material issue in the case, and would improperly portray Walmart as a wealthy company capable of paying a large judgment under Rules 401, 402, and 403.<br><br>EEOC responds that it should be allowed to use such evidence once it establishes its entitlement to punitive damages because Walmart's financial position is a relevant consideration for assessing punitive damages.</td></tr>
<tr><td colspan="3">RULING: The motion is GRANTED to the extent that EEOC may not reference or present evidence about Walmart's finances unless and until it obtains a ruling outside the presence of the jury that it has adduced sufficient evidence to support putting a punitive damages instruction before the jury.<br><br>The motion is DENIED to the extent that EEOC may present evidence regarding Walmart's finances if and when it receives a ruling that the question of punitive damages will properly be before the jury.</td></tr>
</table>

| **Walmart's Seventh Motion in Limine** | | |
|---|---|---|
| Doc. 125 | Motion to Exclude Evidence of Details of Workplace Injury of Claimant Smith, Sr. | **GRANTED** |
| Walmart asks the Court to exclude all evidence pertaining to Mr. Ernest Smith, Sr.'s workplace injury under Rules 401, 402, and 403, because the evidence is irrelevant and its probative value is substantially outweighed by the danger of unfair prejudice.<br><br>EEOC responds that it should be allowed to use evidence of Mr. Smith's injury because it establishes his disability and supports EEOC's discrimination claims and it is admissible under Rule 402. EEOC states the evidence will be used solely to identify Mr. Smith's disability and when it began but no details regarding the nature or extent of the injuries will be provided. | | |
| **RULING:** The motion is **GRANTED** to the extent that EEOC may not reference specific details pertaining to the origin of Mr. Smith's disability or his workplace injury. This ruling should not be read to prevent EEOC from presenting evidence regarding the existence of Mr. Smith's disability or its resulting impact on Mr. Smith. | | |

<table>
<tr><th colspan="3">Walmart's Eighth Motion in Limine</th></tr>
<tr><td>Doc. 126<br>Doc. 133</td><td>Motion to Exclude Evidence of Discrimination Theory of Cannady & McFall</td><td>DENIED</td></tr>
<tr><td colspan="3">Walmart asks this Court to exclude evidence regarding the alleged unlawful discrimination claims of Claimants Mercedes Cannady and Brynne McFall because EEOC cannot establish prima facie cases of discrimination for either Claimant. Such evidence is therefore irrelevant under Rule 401, and the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues for the jury under Rule 403.<br><br>EEOC responds that this motion is premature as it is tied directly to an unresolved dispositive issue pending in Walmart's Motion for Partial Summary Judgment (Doc. 95) and the Rule 403 analysis cannot be performed until the Court rules on the summary judgment issue.</td></tr>
<tr><td colspan="3">RULING: For the reasons stated in the Order on Walmart's Motion for Partial Summary Judgment (Doc. 188), this motion is DENIED.</td></tr>
</table>

| Walmart's Ninth Motion in Limine | | |
|---|---|---|
| Doc.127 | Motion to Exclude Evidence of Failure-to-Accommodate Theories of 8 Claimants | **GRANTED IN PART** and **DENIED IN PART** |
| Walmart asks this Court to exclude any evidence regarding the failure-to-accommodate claims asserted on behalf of Claimants Tiayla Butler, Mercedes Cannady, Timothy Grable, Johnny Gray, Brynne McFall, Chriss Ouellette, Ernest Smith, Sr., and Charging Party Jaclyn Walker because such claims fail as a matter of law and thus the probative value of the evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues for the jury under Rule 403.<br><br>EEOC responds that this motion is premature as it is tied directly to an unresolved dispositive issue pending in Walmart's Motion for Partial Summary Judgment (Doc. 95) and the Rule 403 analysis cannot be performed until the Court rules on the summary judgment issue. | | |
| **RULING:** For the reasons stated in the Order on Walmart's Motion for Partial Summary Judgment (Doc. 188), this motion is **GRANTED** with respect to Claimants Chriss Ouellette and Brynne McFall and **DENIED** with respect to Charging Party Jaclyn Walker and Claimants Tiayla Butler, Timothy Grable, Johnny Gray, Ernest Smith, Sr., and Mercedes Cannady. | | |

| Walmart's Tenth Motion in Limine | | |
|---|---|---|
| Doc. 128 | Motion to Exclude *Evidence Regarding 3 Dropped Claimants* | **GRANTED** |
| Walmart asks the Court to exclude any evidence pertaining to Claimants that were previously named but subsequently dropped from this action.<br><br>EEOC does not oppose this motion. | | |
| **RULING:** The unopposed motion is **GRANTED**. | | |

| Walmart's Eleventh Motion in Limine | | |
|---|---|---|
| Doc. 129 | Motion to Exclude Evidence of Speculation on Reinstatement of PGA | **GRANTED** |
| Walmart asks the Court to exclude EEOC from offering or eliciting evidence, referring to, or speculating that Walmart might reinstate the Pathways Graduation Assessment ("PGA") or any similar assessment, under Rules 402 and 403, because EEOC's contention is based on speculation and is contradicted by Walmart's stated position.<br><br>EEOC responds that it should be allowed to present evidence that Walmart may again administer the PGA or a similar test to rebut Walmart's denial of any intent to reinstate the PGA in light of EEOC's request for injunctive relief. | | |
| **RULING:** The Court granted summary judgment on EEOC's request for injunctive relief. *See* Doc. 188, pp. 45–46. Therefore, this motion is **GRANTED**. | | |

| **Walmart's Twelfth Motion in Limine** | | |
| --- | --- | --- |
| Doc. 130 | Motion to Exclude Evidence Regarding Speculation on Reason for Discontinuation of PGA | **GRANTED** |
| Walmart asks the Court to exclude EEOC from offering or eliciting evidence or referring to arguments that Walmart discontinued the PGA because of the present litigation.<br><br>EEOC does not oppose this motion. | | |
| **RULING:** The unopposed motion is **GRANTED**. | | |

<table>
<tr><th colspan="3">Walmart’s Thirteenth Motion in Limine</th></tr>
<tr><td>Doc. 131</td><td>Motion to Exclude Argument on Burden Shifting Interactive-Process Obligation</td><td>GRANTED</td></tr>
<tr><td colspan="3">Walmart asks the Court to exclude EEOC from making any argument that Walmart’s voluntary PGA accommodation policy shifted the burden of initiating the Americans with Disabilities Act (“ADA”) interactive-process obligation from the employee to Walmart.<br><br>EEOC responds that it should be allowed to make the argument regarding the burden shifting in the ADA interactive process because Walmart’s own guidance recognizes that many disabilities are not visible or apparent and it instructs managers to begin the interactive process when employees request help or appear to need assistance.</td></tr>
<tr><td colspan="3">RULING: For the reasons stated in the Order on Walmart’s Motion for Partial Summary Judgment (Doc. 188), this motion is GRANTED.</td></tr>
</table>

<table>
<tr><th colspan="3">EEOC's First Motion in Limine</th></tr>
<tr><td>Doc. 135</td><td>Motion to Bar Comments on Number of Claimants</td><td>GRANTED IN PART and DENIED IN PART</td></tr>
<tr><td colspan="3">EEOC asks the Court to bar Walmart from making comments before the jury that state or suggest the Commission's representation of only 13 claimants is evidence that Walmart did not discriminate against disabled employee.<br><br>Walmart responds that the number is central to its defense and specific details surrounding the number provide direct rebuttal evidence on a disputed element of EEOC's claim and that introducing the number would not result in unfair prejudice under Rule 403.</td></tr>
<tr><td colspan="3">RULING: The motion is GRANTED to the extent that Walmart may reference the thirteen claimants.<br>The motion is DENIED to the extent that Walmart may not present the evidence in context of raw ratios and may not argue that the claimant total indicates an absence of discrimination.</td></tr>
</table>

| **EEOC's Second Motion in Limine** | | |
|---|---|---|
| Doc. 137 | Motion to Exclude *Arrest/Conviction Evidence* | **DEFERRED UNTIL TRIAL** |
| EEOC moves to exclude Walmart from mentioning or introducing evidence or eliciting testimony regarding arrest and/or convictions of any claimants under Rules 401, 402, and 403.<br><br>Walmart responds that admission of a Claimant's criminal conviction is permitted under Rules 403 and 609 because a Claimant's credibility is a central issue in the claims brought by the EEOC and such evidence is highly probative. | | |
| **RULING:** The motion is **DEFERED** until the context of trial when the Court will be better able to weigh the relevant factors and consider whether a limiting instruction would address EEOC's concerns.<br><br>Before eliciting any testimony or offering any evidence of a represented individual's arrest and/or conviction, the parties are **DIRECTED** to approach the bench and proffer the anticipated evidence or testimony for the Court's consideration. | | |

| **EEOC's Third Motion in Limine** | | |
|---|---|---|
| Doc. 139 | Motion to Exclude Derogatory Comments About the Federal Government | **GRANTED** |
| EEOC asks the Court to bar Walmart from making derogatory comments about the federal government in front of the jury under Rules 401, 402, and 403.<br><br>Walmart does not intend to make derogatory remarks about the government and assert that such evidence should be denied as moot. | | |
| **RULING:** The motion is **GRANTED**, but non-gratuitous, non-derogatory remarks characterizing the EEOC as an agency of the federal government are not prohibited. | | |

| **Joint Motion to Exclude Deposition Testimony** | | |
|---|---|---|
| Doc. 158 | Motion to Exclude Deposition Testimony of Michelle Blair | **DEFERRED UNTIL TRIAL** |
| The parties each offer deposition excerpt designations for the testimony of Michelle Blair. Michelle Blair is neither a Charging Party nor a Claimant in this action, rather she is the sister of Charging Party Glenda Scott. | | |
| **RULING:** The motion is **DEFERRED** unless and until the issue surfaces at trial, when the Court will be better able to weigh the relevant factors and assess the parties' respective objections.<br><br>Before offering any evidence of Ms. Blair's deposition testimony, the parties are **DIRECTED** to approach the bench and proffer the anticipated evidence and valid hearsay exception for the Court's consideration. | | |

<table>
<tr><th colspan="3">Joint Motion to Exclude Deposition Testimony</th></tr>
<tr><td>Doc. 169</td><td>Motion to Exclude Deposition Testimony of Chriss Ouellette</td><td>GRANTED</td></tr>
<tr><td colspan="3">Walmart objects to Claimant Chriss Ouellette’s testimony being presented by deposition, arguing that Ms. Ouellette is available to testify live and therefore her deposition testimony should not be substituted for live testimony.<br><br>EEOC claims that Ms. Ouellette is not attempting to cause her own absence in order to avoid a consequence of the lawsuit and that her absence can be argued to be a disadvantage to the EEOC as it prosecutes its case using only previously sworn testimony. EEOC argues, pursuant to Rule 32(a)(4), that the interests of justice would best be served by allowing the introduction of Ms. Ouellette’s deposition testimony as she lives in Connecticut, which is more than 100 miles away and thus outside of the subpoena power of this Court.</td></tr>
<tr><td colspan="3">RULING: The motion is GRANTED. The Court finds that Ms. Ouellette’s credibility is critical to the assessment of her testimony as a Claimant in this case and, “in weighing the interest[s] of justice . . . with due regard to the importance of live testimony,” the Court concludes that the circumstances here do not “tip the balance in favor of admitting the deposition testimony” in lieu of Ms. Ouellette’s live testimony. McDowell v. Blankenship, 759 F.3d 847, 852 (8th Cir. 2014).</td></tr>
</table>

**IT IS SO ORDERED** on this 12th day of September, 2026.

/s/ David Clay Fowlkes
DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE